IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HUERT CECIL DAVIDSON, III,
    Plaintiff,

vs.                                      3:09cv157/RV/MD

SGT. KASETA, INSPECTOR LEDKINS
    Defendants.

## **REPORT AND RECOMMENDATION**

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff simultaneously filed a motion for leave to proceed *in forma pauperis.* (Doc. 2).

    Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*.  A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under

imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998). Plaintiff's status as a "three-striker" is established by case 3:08cv733-J-33MCR, filed in the Middle District of Florida. That case, which also involved an alleged sexual assault by a correctional officer,[1] was dismissed without prejudice on July 24, 2008 due to plaintiff's failure to pay the initial filing fee at the time he filed the case, since he had not established that he was under "imminent danger of serious physical injury." (Case 3:08cv733-J-33MCR, doc. 4).

Plaintiff, who is currently incarcerated at Santa Rosa Correctional Institution, names two defendants in this action: Sgt. Kaseta and Inspector D. Ledkins. Plaintiff complains that Sgt. Kaseta sexually and physically assaulted him on February 25, 2009, and on the following day told plaintiff he was going to rape plaintiff over and over again, although it does not appear from plaintiff's allegations that as of the date he filed his complaint any additional assaults, sexual or otherwise, have occurred. Inspector Ledkins was informed of the rape, but allegedly failed to talk to the plaintiff, collect evidence plaintiff had saved, or otherwise investigate plaintiff's allegations due to her friendship with Sgt. Kaseta. Plaintiff alleges that he filed an emergency grievance directly to the Secretary on the date of the incident.

The court takes judicial notice of the information displayed on the Florida Department of Corrections' website, which indicates that plaintiff is currently in close management confinement. See http://www.cd/state.fl.us/ActiveInmates. Close management is "the confinement of an inmate apart from the general population, for reasons of security or the order and effective management of the institution. . ." Chapter 33-601.800, Florida Administrative Code.

As in Middle District case 3:08cv733-J-33MCR, the court determines that plaintiff's allegations do not establish that he is in imminent danger of serious bodily injury. Plaintiff

---

[1] In fact, the description of the assault is virtually identical to the plaintiff's allegations in this case. In each case, plaintiff contended that while he was waiting to be seen by medical, he was taken to a holding cell and made to strip for a strip search, threatened with his life if he failed to cooperate, he performed five minutes of non-consensual oral sex and was subjected to five minutes of non-consensual sodomy, following which he wiped the alleged assailant's semen on his boxer shorts.

*Case No: 3:09cv157/LAC/MD*

is in close management where he is closely monitored by correctional officers; he does not allege that he has had any further contact with or threats from the alleged assailant since the day after the incident; and the Secretary has been put on notice of plaintiff's allegations through his filing of an emergency grievance.[2]  Thus, because he has failed to establish that he is in imminent danger of serious bodily injury, his application to proceed *in forma pauperis* should be denied and this action should be dismissed without prejudice.

Even if the court were to grant plaintiff's *in forma pauperis* motion, this case would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) as malicious for plaintiff's abuse of the judicial process.

On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action?  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (Complaint, p. 3).  On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question:  "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?"  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes."  He references a case filed in 1993 in the Middle District of Florida, which clearly is not related to the allegations in the instant case, as the actions complained of did not occur until 2009.  He also identifies six additional cases on a continuation page, again, each of which was filed before the incident in question in this case took place.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some

---

[2]The court does not reach the question of whether plaintiff has appropriately exhausted his administrative remedies.

*Case No: 3:09cv157/LAC/MD*

other wrong)?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*, p. 4). Clearly the cases listed in section B should have been listed in response to this question. On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" and listed a single case, 4:02cv148/SPM, which was dismissed on May 29, 2008. (*id.*). Plaintiff did not inform the court of three additional abuse of the judicial process dismissals in Case Number 3:01cv973-J-20TJC (M.D. Fla.), Case Number 3:01cv863-J-25HTS (M.D. Fla.), and Case Number 3:08cv733-J-33MCR (M.D. Fla.)  In fact, the latter case was dismissed without prejudice specifically for plaintiff's failure to disclose that the first two listed Middle District of Florida cases had been dismissed for abuse of the judicial process. Thus, plaintiff was explicitly on notice that such information had to be separately disclosed.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7).

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]

---

[3]"[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false or incomplete responses or statements in any pleading or motion filed before it.  Here, plaintiff failed to properly respond to a question on the complaint form, as detailed above.  Plaintiff knew, from reading the complaint form and from his experience litigating in the Middle District of Florida, that disclosure of all prior actions was required and that dismissal of this action may result from incomplete or untruthful answers.  If plaintiff suffered no penalty for such responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true and complete responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be denied and this case be dismissed without prejudice to its refiling accompanied by the full $350.00 filing fee, or in the alternative that plaintiff's motion to proceed *in forma pauperis* be granted and this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

At Pensacola, Florida, this 14th day of April, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:09cv157/LAC/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).